

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2008

# USA v. Cottman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cottman" (2008). *2008 Decisions.* Paper 1078.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1078

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2221

UNITED STATES OF AMERICA

v.

VAUGHN COTTMAN,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00125)
District Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
on March 25, 2008

Before: McKEE, RENDELL, and TASHIMA,* Circuit Judges.

(Filed: June 2, 2008)

OPINION OF THE COURT

---

\*   Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Vaughn Cottman appeals his sentence, urging that the District Court erred in applying the career offender provision. Although the parties have argued only those issues taken into account by the District Court, namely relevant conduct and the relatedness of the prior felony convictions, we have concluded, and the parties appear to agree, that the two state court convictions that preceded Cottman's sentencing in this case and formed the basis for the career offender application do not fit within the definition of "two prior felony convictions" under section 4B1.2 of the Sentencing Guidelines.[1]

While we recognize that the defendant did not raise this issue either in the District Court or on appeal, we acknowledge and applaud the willingness of the government, through Assistant United States Attorney Sabrina G. Comizzoli, to remand this matter for resentencing as a matter of fairness, as well as its indication that "at resentencing, the

---

[1]This section of the Sentencing Guidelines states:

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . .

U.S.S.G. § 4B1.2(c). While Cottman was arrested for possession of cocaine in March 2004, he was not convicted in state court until he pled guilty on June 15, 2005; he was then sentenced in August 2005. *See* Presentence Report ¶¶ 154-55. The instant offenses for which he was sentenced occurred in February 2004 and July 2004. *See* Plea Tr. 25-26. Thus, the instant offense was committed almost a year before, not "subsequent to," the state conviction in August 2005. Thus, the state conviction is not a "prior felony conviction" as required by section 4B1.2(c).

government would continue to stand by its plea agreement and, thus, would not argue for imposition of the career offender enhancement."

In light of the foregoing, we will VACATE the Judgment and Commitment Order of the District Court and REMAND for resentencing.